Filed 2/7/23 P. v. Escudero CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID ANTHONY ESCUDERO,<br><br>Defendant and Appellant. | C095435<br><br>(Super. Ct. No. 19F3479) |

In two trials, juries convicted defendant David Anthony Escudero of attempted murder, assault with a firearm, making a criminal threat, battery, possession of a firearm by a felon, and unlawful possession of ammunition. It was determined that the attempted murder was willful, deliberate, and premeditated, and that various firearm and great bodily injury enhancement allegations were true. In addition, the trial court found that defendant had a prior conviction for voluntary manslaughter, a strike offense and serious felony. The trial court sentenced defendant to an aggregate determinate prison term of 15 years consecutive to an aggregate indeterminate term of 39 years to life.

1

Defendant now contends (1) the evidence is insufficient to support the finding of deliberation and premeditation, and (2) Senate Bill No. 567 (2021-2022 Reg. Sess.; Stats. 2021, ch. 731) (Senate Bill 567) requires remand for resentencing. We conclude the evidence is sufficient to support the challenged finding, and that remand for resentencing is appropriate. We will vacate the sentence, remand the matter for resentencing consistent with current law, and otherwise affirm the judgment.

BACKGROUND

In 2019, the victim went for a run and then finished his workout jumping rope in front of the Redding Library. He previously associated with Sureño gang members and had visible gang-related tattoos on his body.

Defendant, who identified as a Norteño gang member, arrived at the library in a blue truck. He walked past the victim on his way into the library and then walked back out to confront him. Defendant called the victim a "scrap," a derogatory term used by Norteños to refer to their Sureño counterparts (see *People v. Martinez* (2020) 55 Cal.App.5th 428, 437), and threatened to kill him, saying, "I'll shoot you. I'll stab you." Defendant punched and kicked the victim, who repeatedly told defendant, "I don't want no problems."

Defendant ended his assault when the library's security guard came outside. Defendant yelled additional threats at the victim while walking back to the truck and then appeared to drive away. The security guard talked to the victim for a couple of minutes to make sure he was okay and then went back into the library.

In fact, defendant had parked in the back parking lot. As the victim walked around the library in an effort to leave, he saw defendant coming towards him with a gun in his hand. Defendant got to within a few feet of the victim and fired a single round. The bullet struck the victim in the neck. Defendant returned to the truck and drove away.

A witness said defendant did not look angry, he simply strolled up and shot the victim in the neck. The victim and the witness described defendant as being within arm's reach of the victim when the shot was fired.

Police arrested defendant at his apartment. Two firearms were found at the apartment, along with ammunition.

DISCUSSION

I

Defendant contends the evidence was insufficient to support the finding of deliberation and premeditation.

"Attempted murder requires the specific intent to kill and the commission of a direct but ineffectual act toward accomplishing the intended killing." (*People v. Lee* (2003) 31 Cal.4th 613, 623, superseded by statute as stated in *People v. Rodriguez* (2022) 75 Cal.App.5th 816, 824.) "An attempted murder is premeditated and deliberate if it occurs ' " 'as the result of preexisting thought and reflection rather than unconsidered or rash impulse.' " ' [Citations.] ' "In this context, 'premeditated' means 'considered beforehand,' and 'deliberate' means 'formed or arrived at or determined upon as a result of careful thought and weighing of considerations for and against the proposed course of action.' " ' [Citation.] 'The process of premeditation and deliberation does not require any extended period of time. [Citations.]" (*People v. Cardenas* (2020) 53 Cal.App.5th 102, 121.)

"Review on appeal of the sufficiency of the evidence supporting the finding of premeditated and deliberate murder [or attempted murder] involves consideration of the evidence presented and all logical inferences from that evidence in light of the legal definition of premeditation and deliberation that was previously set forth. Settled principles of appellate review require us to review the entire record in the light most favorable to the judgment below to determine whether it discloses substantial evidence -- that is, evidence which is reasonable, credible, and of solid value -- from

3

which a reasonable trier of fact could find that the defendant premeditated and deliberated beyond a reasonable doubt. [Citations.] The standard of review is the same in cases such as this where the People rely primarily on circumstantial evidence. [Citation.] 'Although it is the duty of the jury to acquit a defendant if it finds that circumstantial evidence is susceptible of two interpretations, one of which suggests guilt and the other innocence, it is the jury, not the appellate court which must be convinced of the defendant's guilt beyond a reasonable doubt. If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' [Citation.]" (*People v. Perez* (1992) 2 Cal.4th 1117, 1124 (*Perez*).)

In *People v. Anderson* (1968) 70 Cal.2d 15 (*Anderson*), the California Supreme Court identified three basic categories of evidence that have been found sufficient to sustain a finding of premeditation and deliberation: planning activity, motive, and manner of killing. (*Id*. at pp. 26-27.) Later, in *Perez, supra*, 2 Cal.4th 1117, the California Supreme Court explained that "*Anderson* did not purport to establish an exhaustive list that would exclude all other types and combinations of evidence that could support a finding of premeditation." (*Id*. at p. 1125.) The Court has since clarified that "the *Anderson* guidelines are descriptive, not normative. 'The *Anderson* factors, while helpful for purposes of review, are not a sine qua non to finding first degree premeditated murder, nor are they exclusive.' [Citation.]" (*People v. Koontz* (2002) 27 Cal.4th 1041, 1081; see *People v. Hovarter* (2008) 44 Cal.4th 983, 1019.)

Defendant argues there is no evidence of planning activity. While there is no evidence defendant came to the library with a preconceived plan to murder the victim, there is sufficient evidence that he developed such a plan once he saw the victim. Defendant assaulted the victim, threatened to kill him (specifically saying that he would shoot the victim), parked nearby, armed himself with a loaded handgun, again approached the victim, and fired at the victim once in close proximity. There is also

4

evidence of motive (gang rivalry), and evidence of the calculated manner in which defendant attempted to take the victim's life by approaching him calmly and silently.

Viewed in its entirety, the evidence is sufficient to support the finding of premeditation and deliberation.

II

Defendant and the Attorney General agree that Senate Bill 567 applies retroactively to this case and requires remand for resentencing.

Senate Bill 567, effective January 1, 2022, about a month after defendant was sentenced in this case, changed the requirements for using aggravating circumstances and altered sentencing discretion under Penal Code section 1170.[1] (Stats. 2021, ch. 731.) Among other things, Senate Bill 567 amended section 1170 to prohibit upper-term sentencing unless factors in aggravation are stipulated to by the defendant, proven to a fact finder beyond a reasonable doubt, or established by a certified record of conviction. (§ 1170, subd. (b)(2), (3).) Senate Bill 567 also created a presumption in favor of the low prison term if defendant's youth or psychological, physical, or childhood trauma contributed to the commission of the offense. (§ 1170, subd. (b)(6).)

Here, the trial court imposed the upper term on count three (making a criminal threat) based on the following aggravating factors: "The crime involved a threat of great bodily harm disclosing a high degree of cruelty, viciousness or callousness; the manner in which the crime was carried out indicates planning or sophistication; the defendant has engaged in violent conduct that indicates a serious danger to society; [and] he has numerous prior convictions and has served a prior prison term." The trial court also imposed the upper-term sentence of 10 years for the section 12022.5 subdivision (a) firearm enhancements attached to counts one and two (attempted murder and assault with

---

[1] Undesignated statutory references are to the Penal Code.

5

a firearm) for the same reasons, along with the finding that defendant was armed when he committed those crimes. The enhancement terms were stayed under sections 12022.53, subdivision (f) and 654.

To the extent the trial court relied on aggravating circumstances other than defendant's prior convictions, the facts underlying those circumstances were not established in a manner consistent with Senate Bill 567. And although the trial court also relied on defendant's criminal record based on certified records of conviction, it is not clear how the trial court would exercise its sentencing discretion based on current law. Accordingly, we agree with the parties that remand for resentencing is appropriate.

DISPOSITION

Defendant's sentence is vacated and the matter is remanded to the trial court for resentencing consistent with current law. The judgment is otherwise affirmed. Following resentencing, the trial court shall send an amended abstract of judgment, as appropriate, to the Department of Corrections and Rehabilitation.


                                        /S/
                                        MAURO, J.



We concur:


        /S/
ROBIE, Acting P. J.



        /S/
HULL, J.